# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1045V
(not to be published)

| | |
|---|---|
| CHARLES SILVESTRI, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 18, 2022 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Michael William Pottetti*, Port Jefferson, New York, for Petitioner.

*Alexis B. Babcock* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2019, Charles Silvestri filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury as a result of a tetanus diphtheria acellular-pertussis vaccine he received on January 9, 2019. (Petition at ¶¶ 4). On December 21, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 40).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 22, 2021 (ECF No. 41), requesting a total award of $14,443.30 (representing $13,163.30 in fees and $1,280.00 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (ECF No. 41-1 at 2). Respondent reacted to the motion on December 22, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 37)[3]. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

---

[3] On December 22, 2021, counsel for Respondent filed his response as a "Reply to Response to Motion"

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Michael Pottetti at the rate of $260 per hour for all time billed between 2019 – 2021. (ECF No. 41-1 at 1). This rate is not appropriate for all relevant years' work was performed on this matter, however. Mr. Pottetti has previously been awarded the rate of $225 per hour for attorney work, and $150 per hour for paralegal work time billed between 2019 – 2020. *See Blaise v. Sec'y of Health & Human Servs.,* No. 19-670V, 2021 WL 851086 (Fed. Cl. Spec. Mstr. Jan. 26, 2020). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Pottetti's rates to $225 for attorney tasks and $150 for paralegal tasks billed between 2019 - 2020. This results in a reduction of **$1,125.00**.[4] For time billed in 2021, however, the requested increased attorney rate of $260 per hour and paralegal rate of $160 per hour are appropriate and will be awarded.

## ATTORNEY COSTS

Petitioner requests $1,280.00 in overall costs. (ECF No. 41-1 at 5). This amount is comprised of the Court's filing fee, and medical records. I have reviewed the requested costs and find it to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$13,318.30** (representing $12,038.30 in fees and $1,280.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($420 - $400 = $20 x 7.2 hrs = $144) + ($484 - $470 = $14 x 8.8 hrs = $123.20) + $267.20.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.